HENRY G. HARRISON, RESPONDENT, *v.* MARY V. AYERS AS ADMINISTRATRIX OF ELEAZER AYERS, DECEASED, APPELLANT.

*Recovery for services, not limited to the amount of a bill previously rendered — when the refusal of an executor to pay a claim is not unreasonable.*

The fact that an architect has presented a bill for a certain sum, as his charge for preparing plans and specifications for a building, does not prevent him from recovering, in an action subsequently brought, the actual value of such services, although it may exceed the amount specified in the bill previously rendered.

When an architect has presented a bill for services in preparing plans and specifications, and subsequently, it not having been paid, he presents a claim against the estate of his employer for the same services, largely exceeding the amount of such bill, a refusal of the executor to pay the same is not unreasonable, and the estate should not be charged with the costs of an unsuccessful defence before a referee appointed under the statute.

What evidence as to the value of services rendered as arbitrator is insufficient to justify a recovery.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee upon a claim disputed and referred under the statute relating to claims against deceased persons, and from an order overruling exceptions to the report and allowing costs to the plaintiff.

*J. A. Shoudy,* for the appellant.

*C. Bainbridge Smith,* for the respondent.

DANIELS, J.:

The plaintiff presented an account to the defendant for services performed for the intestate during his lifetime. These services consisted in part of making plans and specifications for a block of buildings which the intestate was about to, and did afterwards erect. The performance of the services, by drawing the plans and making the specifications, and their delivery to and receipt by the intestate, were proved by the witness Irving Harrison sufficiently so, certainly, to justify the referee in finding those facts to be established in the case. As this evidence was not controverted by any substantial proof given on the part of the defendant, the conclusion arrived at by the referee was so far legally warranted.

Witnesses were examined for the purpose of showing the customary charges for services of that description. One of whom stated it to be two and one-half per cent upon the cost of the structures. The other put the value of the services at one and one-half per cent. This, like the other testimony, was not controverted by any controlling evidence, and accordingly the referee was justified in acting upon it, as presenting a proper measure of value for the purpose of compensating the plaintiff's services. In his conclusion he adopted the smaller percentage, and allowed the plaintiff to recover for these services the sum of $484.50, being one and one-half per cent upon the cost of the buildings. To that extent his conclusion was fairly sustained by the evidence in the case.

It has been further claimed in support of the appeal that inasmuch as the plaintiff presented to the intestate an account for his services, in which he charged a gross sum of only $300, that this was conclusive against him on the trial of this cause. But that such is not the law is apparent from the decisions made in the cases of *Williams* v. *Glenny* (16 N. Y., 389), and *Stenton* v. *Jerome* (54 id., 480). The former case is directly applicable to this contest, for the account there rendered was of a similar nature, but, notwithstanding that fact, the court held that the right to compensation was still open to be controlled by evidence concerning the actual value of the services. As to this part of the case there was, therefore, no error in the determination of the referee.

Another item claimed was for services performed by the plain-

tiff for the intestate as an arbitrator in the settlement of a dispute existing between him and another person. The services were not of an extended nature, and but one witness was sworn upon the subject of their value. In his examination he stated that he could not say what they were worth, but he would say what he thought they were worth, and then added, " I think they were worth $100." Before that he had been interrogated upon the same subject, and asked whether he knew the reasonable value of the plaintiff's services as arbitrator in that matter. This witness, who was the other arbitrator, in answer to the question, said that he could not tell. These answers were all the evidence given on this subject, and they were not sufficient to entitle the plaintiff to recover this sum of $100, for, taken together, they did not to any reasonable degree of certainty establish the fact that the value was the sum of $100. The referee, however, upon this evidence, allowed the plaintiff this sum of money, and in that he was not warranted by the testimony which had been given.

Upon the hearing of the motion to confirm the referee's report, and for judgment at the Special Term, costs were allowed to the plaintiff in the action, and from that allowance an appeal has also been taken. When the claim was presented to the defendant she consented to refer under the statute, so that no right to costs arose from a failure to comply with the provisions of the law upon that subject. And the only remaining ground upon which costs could be allowed was that the payment of the claims had been unreasonably resisted. (*Buckhout* v. *Hunt*, 16 How., 407.) But, in view of the fact that the plaintiff himself, after all his services were performed, rendered an account to the intestate, charging, by way of compensation, the sum of $300 only, she had good reason for resisting the payment of any larger sum. Fairly and reasonably she could well infer from this account rendered, that no greater sum than that mentioned in it was due to the plaintiff for his services, and when an account was presented to her for more than double the amount which had been previously stated, it became her duty to the estate to contest it, for the purpose of requiring the right to recover the excess to be established by legal evidence. For that reason, under the provisions of the statute as they have been construed, she did not unrea-

sonably resist the payment of the plaintiff's claim, and could not properly be charged with the costs of the proceeding because of such resistance.

It has been objected that interest should not have been allowed upon the amounts awarded by the referee. But as to that there seems to be no sound legal objection to the conclusion at which he arrived. The judgment, however, is erroneous as to the allowance of the $100 for the plaintiff's services as arbitrator, and for the costs awarded in the action beyond those specifically provided for in references of this nature by the Code of Procedure. (See § 317.) And the judgment must accordingly be reversed and a new trial ordered, with costs to abide the event, unless the plaintiff, within twenty days after notice of this decision, stipulate to deduct $100, and interest recovered upon it, and the costs allowed to be inserted in the judgment by virtue of the order appealed from. In case of such stipulation, then the judgment will be affirmed for the residue, without costs of this appeal to either party.

BRADY and INGALLS, JJ., concurred.

Ordered accordingly.